# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 31644919**
**Date Processed: 06/17/2025**

| | |
|---|---|
| **Primary Contact:** | Marc P. Clements<br>Jarden Corporation<br>3600 North Hyrdaulic Street<br>Wichita, KS 67219-3812 |

| | |
|---|---|
| **Entity:** | Newell Brands Inc.<br>Entity ID Number  0100757 |
| **Entity Served:** | Newell Brands Inc |
| **Title of Action:** | Felicia Ann Bender vs. Sunbeam Products, Inc. |
| **Matter Name/ID:** | Felicia Ann Bender vs. Sunbeam Products, Inc. (17367188) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Riverside County Superior Court, CA |
| **Case/Reference No:** | CVME2505342 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/16/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ellis & Bakh, LLP<br>818-736-0099 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Riverside on 05/09/2025 11:15 AM
Case Number CVME2505342 0000128677588 - Jason B. Galkin, Executive Officer/Clerk of the Court By Aly LaMar, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SUNBEAM PRODUCTS, INC.; BEST BUY CO., Inc.; BEST BUY MURRIETA
(STORE 115); and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FELICIA ANN BENDER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Menifee Justice Center

27401 Menifee Center Drive, Menifee CA 92584

| CASE NUMBER:<br>*(Número del Caso):*<br>CVME2505342 |
|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ELLIS & BAKH, LLP 23901 Calabasas Rd, Suite 2092, Calabasas CA 91302 Jonathan Bakhsheshian, Esq. Julian R. Contreras, Esq. (818)736-0099

DATE: 05/09/2025                                    Clerk, by ____A. LaMar____ , Deputy
*(Fecha)*                                           *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* DOE 1
3. ☒ on behalf of *(specify):* NEWELL BRANDS INC.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

Electronically FILED by Superior Court of California, County of Riverside on 05/09/2025 11:15 AM
Case Number CVME2505342 0000128677585- Jason B. Galkin, Executive Officer/Clerk of the Court By Aly LaMar, Clerk

**ELLIS & BAKH, LLP**
Jonathan Bakhsheshian (SBN: 304282)
Julian R. Contreras (SBN: 353809)
23901 Calabasas Road, Suite 2092
Calabasas, CA 91403
Tel: (818) 736-0099
Fax: (818) 736-4940
eservice@ellisbakh.com

Attorneys for Plaintiff, Felicia Ann Bender

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| FELICIA ANN BENDER, an individual, | Case No. CVME2505342 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **NEGLIGENCE;** |
| SUNBEAM PRODUCTS, INC.; BEST BUY CO., Inc.; BEST BUY MURRIETA (STORE 115); and DOES 1 through 50, inclusive, | 2. **GROSS NEGLIGENCE;** 3. **PRODUCTS LIABILITY** 4. **BREACH OF IMPLIED WARRANT OF MERCHANTABILITY** |
| Defendants. | 5. **BREACH OF IMPLIED WARRANTY OF FITNESS** 6. **STRICT LIABILITY** |
| | **& DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, FELICIA ANN BENDER, who complain of Defendants, and each of them, as follows:

1

**COMPLAINT FOR DAMAGES**

## I.    INTRODUCTION

1. This case involves an explosion involving a crock-pot, along with personal injuries sustained by Plaintiff FELICIA ANN BENDER. The explosion and resulting damage and injuries occurred on or about December 13, 2024, and caused Plaintiff FELICIA ANN BENDER to sustain serious injuries.

2. On the afternoon of December 13, 2024, Plaintiff, FELICIA ANN BENDER, was preparing a dish using DEFENDANT SUNBEAM PRODUCTS, INC.'s ("SUNBEAM")'s product. Defendant SUNBEAM negligently designed and developed Express Crock-pot, to fault, overheat and cause the contents of the device to explode and splatter all over Plaintiff, FELICIA ANN BENDER. The defective and malfunctioning Crock-pot's lock system failed, allowing the contents of the pressure cooker to explode and splatter all over Plaintiff's body causing severe burns. Plaintiffs allege that the SUNBEAM failed to reasonably design, test, and quality control the subject cooking device, which in turn resulted in the malfunction of the lock system all of which caused the subject explosion, and was thus responsible for causing Plaintiffs' burn-related losses and injuries.

## II.    PARTIES

3. Plaintiff, FELICIA ANN BENDER, is, and at all times relevant, was an individual residing in the County of Riverside, in the State of California.

4. Defendant, SUNBEAM PRODUCTS, INC.'s is a corporation which owns and manufactures the cooking device that is the subject of this complaint, operating in California.

5. Defendant BEST BUY CO., INC. is a retail corporation that sold and carries the cooking device that is the subject of this complaint, operating in California.

6. Defendant BEST BUY MURRIETA (STORE 115) is the specific retailer store that sold the cooking device that is the subject of this complaint to Plaintiff, FELICIA ANN BENDER.

7. Except as described herein, Plaintiffs are ignorant of the true names and/or capacities of the defendants sued as DOES 1 through 50, inclusive, and therefore Plaintiffs sue these Defendants by such fictitious names. Following further investigation and discovery, Plaintiffs will seek leave of this Court to amend this Complaint to allege their true names and capacities when ascertained. These fictitiously

**COMPLAINT FOR DAMAGES**

named defendants are responsible in some manner for the acts, occurrences and events alleged herein. These defendants aided and abetted and/or conspired with the named defendants in the wrongful acts and course of conduct or otherwise negligently caused the damages and injuries claimed herein and are responsible in some manner for the acts, occurrences and events alleged in this Complaint.

8. Plaintiffs are informed and believe that the Defendants herein, and each of them, were agents and/or employees each of the other and in acting and/or failing to act as alleged herein, the Defendants, and each of them, were acting in the course and scope of said agency and/or employment relationship.

9. The true names of DOES 1 through 50, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs who, under California Code of Civil Procedure Section 474, sue these Defendants under fictitious names. Each of the fictitiously named Defendants is responsible in some manner for the conduct alleged herein, including, without limitation, by way of conspiracy, aiding, abetting, furnishing the means and/or acting in capacities that create agency, respondeat superior, and/or predecessor-or successor-in-interest relationships with the Defendants. The DOE Defendants are private individuals, associations, partnerships, corporations, or otherwise that actively assisted and participated in the negligent and wrongful conduct alleged herein in ways that are currently unknown to Plaintiffs. Some or all of the DOE Defendants may be residents of the State of California. Plaintiffs may amend or seek to amend this Complaint to allege the true names, capacities, and responsibility of these DOE Defendants once they are ascertained, and to add additional facts and/or legal theories. Plaintiffs make all allegations contained this Complaint against all Defendants, including DOES 1 through 50.

### III.    VENUE AND JURISDICTION

10. Defendants, and each of them, are subject to the jurisdiction of this Court by virtue of their business dealings and transactions in California, by having caused injuries through their acts and omissions throughout the State of California. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, §10 of the California Constitution.

11. The damages suffered by the Plaintiffs exceeds this Court's jurisdictional minimum.

12. Each Defendant has sufficient minimum contacts within California to make the exercise of jurisdiction over each Defendant by California courts consistent with traditional notions of fair play and

**COMPLAINT FOR DAMAGES**

substantial justice and are thus subject to personal jurisdiction in California State Courts.

13. Venue is proper because the acts and omissions and otherwise wrongful conduct which are the subject of this Complaint occurred in the County of Riverside, State of California and Defendants own and/or lease property and/or operate and/or do business in the County of Riverside, State of California.

14. Plaintiffs have filed this complaint in the County of Riverside in the State of California. Defendants are entities who provide services in this State and have places of business in the County of Los Angeles, State of California. The events giving rise to this action occurred in the County of Riverside, California. Accordingly, this Court has jurisdiction over this matter pursuant to California Code of Civil Procedure section 410.10. Furthermore, Plaintiff's damages exceed the jurisdictional minimum of this Court.

## IV.    ALLEGATIONS OF GROSS NEGLIGENCE & CONSCIOUS DISREGARD FOR THE SAFETY OF OTHERS AND THE PUBLIC

15. Sunbeam Products recalled nearly 1 million Crock-Pot 6-Quart Express Crock Multi-Cookers in November 2020 due to a burn hazard. The recall was initiated after reports of lid detachment during use, potentially leading to burns from hot food and liquid. The recalled models were manufactured between July 2017 and October 2018. Approximately 914,430 in the US and 28,330 in Canada were recalled. The recall was issued by the United States Consumer Product Safety Commission. Sunbeam allowed for a free replacement of the lid with the hopes of resolving the defect.

16. Plaintiff alleges that despite the replaced lid, the product was still defective. Despite the recall and notice of the issues, Sunbeam continued to sell their products and failed to timely warn new customers or the new products sold thereafter of the need for a replacement lid. Essentially, Sunbeam provided a method to replace the lid for existing customers; but failed to replace the products that were already on the shelf. Thereafter, Plaintiff and/or other consumers purchased a defective product that was sold and distributed knowingly with a defect. Sunbeam failed to reach out to the new customers for a free replacement and/or failed to physically recall and replace all the products from the shelf, thereby initiating sales for the already-known defective product. The remaining Defendants including Best Buy

4

**COMPLAINT FOR DAMAGES**

failed to recall all the defective products from their shelves, failed to provide the information for the new lid to the new customers, and thereby ratified the conduct of Sunbeam by continuing to sell defective products for a profit.

17.    Common examples of the defect already known by Defendants includes similar claims made by Plaintiff – first, that the lid came off without warning, that the lid of the crockpot popped off during the cooking cycle without any warning, causing severe burns by the liquids inside which sprayed out. The crockpot is not supposed to turn on and pressurize if the lid is not properly secured. Second, that after releasing the steam and trying to open the lid, the lid popped off and hot liquid exploded out - after the cooking cycle, the crockpot released the steam and it stopped coming out. When trying to open the lid, it popped off and liquid sprayed out, causing burns. This is especially common when food gets stuck in the steam valve, or where the steam valve otherwise gets clogged – which, for a product constantly used and known by Sunbeam for the purposes of heating food, it is well aware that the steam valve may clog, an on-going issue Sunbeam failed to rectify. Third, that the unit can pressurize even when the lid isn't properly secured Forth, that the internal pressure builds without visible warning signs Fifth, that the lid lid-locking mechanism may appear engaged when it isn't fully locked Sixth, that the sudden lid detachment can occur during active cooking cycles

18.    Repeated defects among Sunbeam are not new – in January 2015, 34,000 Sunbeam Holmes oil-filled heaters were recalled due to a scald hazard. In that case, Sunbeam got about 40 reports of units unexpectedly spraying heated oil and resulting in property damage. Back in May 2014, Sunbeam also recalled around 151,000 Holmes oscillating ceramic heaters due to a fire hazard.

19.    Similarly, as alleged by Plaintiff on information and belief, another incident occurred by another person on June 3, 2019, while Perez was cooking beans in her Express Crock Multi-Cooker. She said she followed the manual's instructions and attempted to release the steam about 20 minutes after cooking. At that moment, the pressure cooker exploded, sending scalding beans and liquid onto Perez's face, chest, and kitchen, she alleged. Evidence presented during the trial revealed significant safety concerns with the device. Court documents showed Sunbeam was aware of the potential danger as early as 2017. In 2018, an engineering firm confirmed the lid could open under pressure. Hereto, Plaintiff

**COMPLAINT FOR DAMAGES**

alleges that Sunbeam knew of the defect as early as 2017; received an engineer report in 2018; allowed the products to be sold through 2020; initiated a recall in 2020; but failed to properly implement the 2020 recall, allowed their products to still be sold with a known defect which one crockpot led to Plaintiff, causing injuries – and Sunbeam failed to warn, change the lid, and/or even with the new lid, the same defect occurred – meaning that the replacement lid was also defective, and Sunbeam was aware of the defect.

20. On information and belief, the alleged "new lids" were redesigned with enhanced safety features, that were also defective and Sunbeam knew. The new lid was updated iconography and quick-reference instructions to help avoid common misuses, but failed to do so. The new lid introduced design changes that prohibit the unit from starting unless the lid is properly secured, but failed to do so. The new lid improved the locking mechanism to ensure a secure fit during operation, but failed to do so. The new lid enhanced the pressure release system for added safety during cooking, but failed to do so. Sunbeam allegedly implemented rigorous testing protocols to ensure consistent product safety and reliability, but failed to do so, and knew of the defect of the alleged new lid. Despite this, it was sold to Plaintiff, causing injuries giving rise to this Complaint.

## V.    FIRST CAUSE OF ACTION

### NEGLIGENCE

### (Against All DEFENDANTS)

21.  PLAINTIFF hereby incorporates and re-alleges Paragraphs above and incorporates the same as fully set forth herein.

22.  Without limitation, DEFENDANTS owed PLAINTIFF, a legal duty to use due care, that a reasonably prudent business under like circumstances would use, and at a minimum, the following duties of due care:

      a.   a duty to maintain, repair, and/or replace the product in a safe manner;

      b.   a duty to inspect the product;

      c.   a duty to warn the PLAINTIFF of any malfunctions, including overheating, that may exist of the product;

6

**COMPLAINT FOR DAMAGES**

d.  reasonable duty of care;

e.  and a duty to remedy malfunctions that were created by DEFENDANTS or its agents.

23.  Without limitation, by failing to use reasonable due care to provide a reasonably viable product for DEFENDANTS customers, by failing to maintain, inspect, repair, and/or replace the products in a safe manner, and by failing to remedy known hazards in a timely manner, DEFENDANTS breached its legal duties owed to Plaintiff.

24.  DEFENDANTS are jointly liable for the negligent acts or omissions of its agents under the doctrine of respondeat superior.

25.  The incidents that have harmed PLAINTIFF and customers of PLAINTIFF was a result of DEFENDANTS unreasonable product manufacturing, maintenance, repair, and/or inspection practices.

26.  DEFENDANTS knew or reasonably should have known, that the malfunction and the injuries caused to the PLAINTIFF was foreseeable, and, in fact, was a likely consequence of DEFENDANTS negligent conduct and deficient product.

27.  PLAINTIFF'S damages were directly and proximately caused by Defendant's breach of legal duties and due care.

28.  That Defendants designed/manufactured/supplied/installed/inspected/repaired/rented the product; was negligent in designing/manufacturing/supplying/installing/inspecting/reparing/renting the product, which caused Plaintiff's harm.

## VI.    SECOND CAUSE OF ACTION

### GROSS NEGLIGENCE

### (Against All DEFENDANTS)

29.  PLAINTIFF hereby incorporates and re-alleges Paragraphs above and incorporates the same as fully set forth herein.

30.  PLAINTIFF reasserts all other allegations made in this complaint and incorporates them herein as if set forth in full.

7

**COMPLAINT FOR DAMAGES**

31. DEFENDANTS owed a heightened legal duty of care to the PLAINTIFF, given the nature of the products involved and the potential harm associated with their malfunction. Despite this, DEFENDANTS voluntarily and knowingly provided faulty products.

32. After learning of the malfunctions, DEFENDANTS knowingly refused to remedy the malfunction while continuing to sell the defective products to PLAINTIFF.

33. DEFENDANTS were fully aware that the PLAINTIFF'S reputation, income, revenue, and client relationships were all contingent upon the proper functioning and safety of the products.

34. DEFENDANTS actions and omissions to act were knowingly malicious with the self-interested intent of profit at the expense of the PLAINTIFF.

35. DEFENDANTS actions manifested a knowing and reckless indifference toward and a disregard of the rights of PLAINTIFF.

36. DEFENDANTS knew with a high degree of probability that their conduct would result in substantial harm to PLAINTIFF and such conduct and failure to act is a lack of care that is an extreme departure from what a reasonably careful company would do in the same situation to prevent harm to PLAINTIFF.

37. DEFENDANTS willful, malicious, knowing and reckless conduct was a direct cause of PLAINTIFF'S damages.

## VII.    THIRD CAUSE OF ACTION

### PRODUCT LIABILITY

### (Against All DEFENDANTS)

38. PLAINTIFF hereby incorporates and re-alleges Paragraphs above and incorporates the same as fully set forth herein.

39. PLAINTIFF reasserts all other allegations made in this complaint and incorporates them herein as if set forth in full.

40. DEFENDANTS, all of them without exception, were deeply entrenched in and indispensable to the overall production and marketing enterprise of the harmful product.

41. DEFENDANTS, and each of them, were responsible for placing the product in the stream of

8

**COMPLAINT FOR DAMAGES**

commerce. The purchase of the product is the primary objective of DEFENDANTS commerce.

42. DEFENDANTS received a direct financial benefit from the sale of the product, their roles were integral to the business enterprise, and had direct control over, or a substantial ability to influence the manufacturing or distribution process of the product.

43. DEFENDANTS, and each of them, failed to comply with article II of the Uniform Commercial Code, et seq by, inter alia:

    a.   failing to make or cause to be made reasonable inspections to discover or correct defects of the product;

    b.   failing to provide precautionary instruction regarding the product use;

44. The product was defective in its manufacturing by departing from its intended design, causing its safety mechanisms to fail.

45. The product had a manufacturing defect when it left DEFENDANTS' possession.

46. Upon information and belief, DEFENDANTS substantially participated in the integration of its component parts into the product, which resulted in the defect.

47. DEFENDANTS' product was fundamentally flawed in its design. The foreseeable risk of product failure leading to severe bodily injury could have, and should have, been mitigated through a reasonable alternative design. DEFENDANTS' failure to do so constituted a reckless disregard for safety.

48. The product did not perform as safely as an ordinary consumer would have expected it to perform when used in an intended way.

49. The DEFENDANTS failed to provide reasonable instructions or warnings, rendering the Product unsafe.

50. The product had risks of safety failure and combusting, which presented a substantial danger, when the product was used in an intended way.

51. On information and belief, PLAINTIFF alleges defendants were negligent in, inter alia, manufacturing, designing, testing, packaging, labelling, specifying, supplying materials, and using the Product. PLAINTIFF further alleges defendants were negligent in failing to inspect and test the

9
**COMPLAINT FOR DAMAGES**

Product to make sure it was viable and safe for use.

52. The acts complained of were the direct and proximate cause of PLAINTIFF'S damages.

53. The acts complained of herein were reasonably foreseeable to cause damages.

54. Defendant SUNBEAM PRODUCTS, INC. manufactured the product; and Defendants BEST Buy Co., Inc., BEST BUY MURRIETA (STORE 115) sold and/or distributed the product.

55. Plaintiff was harmed by the product because it contained a manufacturing defect and/or was defectively designed and/or did not include sufficient instructions and/or warning of potential safety hazards.

## VIII.   FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (Against All DEFENDANTS)

56. PLAINTIFF reasserts all other allegations made in this complaint and incorporates them herein as if set forth in full.

57. California Civil Code § 1791.1 requires Products to carry the implied warranty of merchantability. This warranty guarantees that the product is of a quality that a buyer would reasonably expect, suitable for the ordinary purposes for which such products are used, and adequately contained, packaged, and labeled.

58. DEFENDANTS, and each of them, are merchants as defined under California Civil Code § 1791, who regularly sell the type of product at issue. As merchants, DEFENDANTS are required to comply with the implied warranty provisions set forth in California Civil Code §§ 1791.1 and 1792, as well as the Uniform Commercial Code as adopted in California.

59. PLAINTIFF alleges that DEFENDANTS impliedly warranted that the product in question was merchantable under California Civil Code § 1791.1.

60. Based on credible information and belief, PLAINTIFF alleges that DEFENDANTS breached this implied warranty by delivering a product that fell short of the quality standards generally accepted in the trade, was unfit for ordinary usage, and was inadequately tested and inspected, hence failing to meet the obligatory standards of safety and quality. Specifically, PLAINTIFF alleges that

**COMPLAINT FOR DAMAGES**

DEFENDANTS were, inter alia, negligent in manufacturing, designing, testing, packaging, labeling, and supplying the product, as well as failing to ensure the product's safety through adequate inspection and testing.

61. PLAINTIFF purchased the product from DEFENDANTS, who held themselves out to have specialized knowledge regarding the product, it's functions and intended use.

62. PLAINTIFF alleges that the product was not of the same quality as those generally acceptable in the Cookware industry and was not fit for the ordinary purposes for which cooking products are used, thereby breaching the implied warranty of merchantability and causing PLAINTIFF to suffer damages.

## IX.    FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF FITNESS

### (Against All DEFENDANTS)

63. PLAINTIFF reasserts all other allegations made in this complaint and incorporates them herein as if set forth in full.

64. Under California Civil Code §§ 1791.1(b)-(h), 1792, and 1795.4, a product sold to a consumer carries an implied warranty of fitness for a particular purpose if the seller knows or has reason to know the particular purpose for which the buyer requires the product and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods.

65. PLAINTIFF alleges that DEFENDANTS, and each of them, were aware of PLAINTIFF's particular purpose for purchasing the product, which was to safely cook meals at her home. PLAINTIFF relied on DEFENDANTS' expertise in selecting a product that would meet this particular purpose.

66. PLAINTIFF further alleges that DEFENDANTS impliedly warranted that the product was fit for PLAINTIFF's particular purpose, safe for use, and suitable for use at PLAINTIFF'S home.

67. PLAINTIFF alleges that the product provided by DEFENDANTS was not fit for its intended purpose, was unsafe, and was unusable for the specific purpose for which it was purchased. This unfitness and unsuitability constitute a breach of the implied warranty of fitness for a particular

11

**COMPLAINT FOR DAMAGES**

purpose, directly and proximately causing PLAINTIFF to suffer damages.

## X.    SIXTH CAUSE OF ACTION

## STRICT LIABILITY UNDER SECTION 402 OF THE RESTATEMENT 2ND OF TORTS

## (Against All DEFENDANTS)

68.  PLAINTIFF reasserts all other allegations made in this complaint and incorporates them herein as if set forth in full.

69.  DEFENDANTS are strictly liable for any defects present in the Product and the subsequent harm they have caused.

70.  DEFENDANTS manufactured and provided a product in a defective condition which was unreasonably dangerous to the user and its property or to those others in close proximity such that it was most likely to cause harm or damage. As a result of the defective condition of the Product, PLAINTIFF suffered damages.

71. DEFENDANTS are strictly liable for the damages sustained by the PLAINTIFF.

## XI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgments against Defendants, and each of them, as follows:

1.   General, special, actual, and compensatory damages, in a sum according to proof;

2.   Punitive damages;

3.   For lost earnings and lost earnings capacity, in a sum according to proof;

4.   Damages pursuant to California Civil Code and/or any other relevant portions;

5.   For interest provided by law including, but not limited to, California Civil Code § 3291;

6.   Costs of suit; and

7.   Such other and further relief as the Court deems proper.

## XII.    JURY TRIAL DEMAND

Plaintiffs hereby demands a jury trial on all causes of action for which a jury is available under the law.

**COMPLAINT FOR DAMAGES**

Dated: May 9, 2025                                        _____/JB/_____

Jonathan Bakhsheshian, Esq.

**COMPLAINT FOR DAMAGES**

Electronically FILED by Superior Court of California, County of Riverside on 05/09/2025 11:15 AM
Case Number CVME2505342 0000128677586 - Jason B. Galkin, Executive Officer/Clerk of the Court By Aly LaMar, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ELLIS & BAKH, LLP<br>Jonathan Bakhsheshian, Esq. (304282) Julian R. Contreras, Esq. (353809)<br><br>TELEPHONE NO.: (818)736-0099    FAX NO.: (818)739-4640<br>EMAIL ADDRESS: eservice@ellisbakh.com<br>ATTORNEY FOR (Name): FELICIA ANN BENDER | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 27401 Menifee Center Drive
MAILING ADDRESS: 27401 Menifee Center Drive
CITY AND ZIP CODE: Menifee, 92584
BRANCH NAME: Menifee Justice Center

CASE NAME:
BENDER v. SUNBEAM PRODUCTS, INC., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount demanded exceeds $35,000)    (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVME2505342<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [X] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action (specify): 1. NEGLIGENCE 2. GROSS NEGLIGENCE; 3. PRODUCTS LIABILITY 4. BREACH OF IMPLIED WARRANT OF MERCHANT LIABILITY 5. BREACH OF IMPLIED WARRANTY OF FITNESS 6. STRICT LIABILITY

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 9, 2025

Julian R. Contreras, Esq.
_____
(TYPE OR PRINT NAME)    ►    _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic
      relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.     | Print this form |  | Save this form |                    | Clear this form |

Electronically FILED by Superior Court of California, County of Riverside on 06/10/2025 07:27 PM
Case Number CVME2505342 0000131924037 - Jason B. Galkin, Executive Officer/Clerk of the Court By Keri Noonan, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey Street, Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☒ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584

☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI035**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | FOR COURT USE ONLY |
|---|---|
| Jonathan Bakhsheshian, Esq. [SBN: 304282]<br>Julian R. Contreras, Esq. [SBN: 353809]<br>23901 Calabasas Road, Suite 2092<br>Calabasas, CA 91302<br>TELEPHONE NO: (818) 736-0099    FAX NO. *(Optional)*: (818) 736-4940<br>E-MAIL ADDRESS *(Optional)*: eservice@gmail.com<br>ATTORNEY FOR *(Name)*: Plaintiff, FELICIA ANN BENDER | |
| PLAINTIFF/PETITIONER: FELICIA ANN BENDER, an individual | |
| DEFENDANT/RESPONDENT: SUNBREAM PRODUCTS, INC., et al. | CASE NUMBER:<br>CVME2505342 |

| Hearing Date:<br>11/13/2025 | Time:<br>8:30 a.m. | Department:<br>M301 |
|---|---|---|

| **AMENDMENT TO** ☒ **COMPLAINT** ☐ **CROSS COMPLAINT**<br>**(FICTITIOUS NAME)** |
|---|

## FICTITIOUS NAME

Upon filing the complaint * herein, plaintiff(s) * being ignorant of the true name of a defendant and having designated said defendant in the complaint by the fictitious name of   DOE 1

and having discovered the true name of the said defendant to be   NEWELL BRANDS INC.

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

6/10/2025
_____
(DATE)

Julian R. Contreras, Esq.
_____
(TYPE OR PRINT NAME OF  ☒ ATTORNEY  ☐ PARTY MAKING DECLARATION)

_____
(SIGNATURE)

*Complaint can also mean a cross-complaint. Plaintiff means a person who files a complaint or cross-complaint (C.C.P. 426.10).

| | | |
|---|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-CI035 [Rev. 01/01/16]<br>(Reformatted 07/08/24) | **AMENDMENT TO COMPLAINT/CROSS COMPLAINT**<br>**(FICTITIOUS NAME)** | Page 1 of 1<br>Local Rule 3125<br>riverside.courts.ca.gov |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2505342

**Case Name:**    BENDER vs SUNBEAM PRODUCTS, INC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Assigned Judge in Department M301  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 05/16/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

A. LaMar, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2505342

**Case Name:**    BENDER vs SUNBEAM PRODUCTS, INC

JULIAN CONTRERAS
23901 CALABASAS RD., SUITE 2092
Calabasas, CA 91302

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 11/13/2025 | 8:30 AM | Department M301 |
| Location of Hearing:<br>27401 Menifee Center Drive, Menifee, CA 92584 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 05/16/2025                                    JASON B. GALKIN,
                                                     Court Executive Officer/Clerk of the Court



                                              by: _____
                                                     A. LaMar, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**   CVME2505342

**Case Name:**   BENDER vs SUNBEAM PRODUCTS, INC

FELICIA ANN BENDER

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 11/13/2025 | 8:30 AM | Department M301 |
| Location of Hearing:<br>27401 Menifee Center Drive, Menifee, CA 92584 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| --- | --- |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 05/16/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

A. LaMar, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2505342

**Case Name:**    BENDER vs SUNBEAM PRODUCTS, INC


SUNBEAM PRODUCTS, INC


## NOTICE OF CASE MANAGEMENT CONFERENCE


The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 11/13/2025 | 8:30 AM | Department M301 |
| Location of Hearing: 27401 Menifee Center Drive, Menifee, CA 92584 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.


**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 05/16/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by:

A. LaMar, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**   CVME2505342

**Case Name:**    BENDER vs SUNBEAM PRODUCTS, INC


BEST BUY CO., INC.


## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 11/13/2025 | 8:30 AM | Department M301 |
| Location of Hearing:<br>27401 Menifee Center Drive, Menifee, CA 92584 | | |


No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.


**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 05/16/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
A. LaMar, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2505342

**Case Name:**    BENDER vs SUNBEAM PRODUCTS, INC

BEST BUY MURRIETA (STORE 115)

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 11/13/2025 | 8:30 AM | Department M301 |
| Location of Hearing: 27401 Menifee Center Drive, Menifee, CA 92584 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

 

| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 05/16/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by:

A. LaMar, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVME2505342

CONTRERAS, JULIAN
23901 CALABASAS RD., SUITE 2092
Calabasas, CA 91302

BENDER, FELICIA ANN

BEST BUY CO., INC.

SUNBEAM PRODUCTS, INC

BEST BUY MURRIETA (STORE 115)

Electronically FILED by Superior Court of California, County of Riverside on 05/09/2025 11:15 AM
Case Number CVME2505342 0000128677587 - Jason B. Galkin, Executive Officer/Clerk of the Court By Aly LaMar, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☒ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584

☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>**ELLIS & BAKH, LLP.**<br>Jonathan Bakhsheshian, Esq. (304282) - Julian R. Contreras, Esq. (353809)<br>23901 Calabasas Rd.,Suite 2092<br>Calabasas CA 91302<br>TELEPHONE NO: **(818)736-0099**   FAX NO. *(Optional):* **(818)736-4940**<br>E-MAIL ADDRESS *(Optional):* eservice@ellisbakh.com<br>ATTORNEY FOR *(Name):* FELICIA ANN BENDER | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF/PETITIONER: FELICIA ANN BENDER<br><br>DEFENDANT/RESPONDENT: SUNBEAM PRODUCTS, INC., et al. | CASE NUMBER:<br>CVME2505342 |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:  92562 _____

☐   The action concerns real property located in the zip code of:  _____

☐   The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   May 09, 2025 _____

Julian R. Contreras. _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____   **/JC/**
(SIGNATURE)

Page 1 of 1

| | | |
|---|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-CI032 [Rev. 07/15/21]<br>(Reformatted 07/08/24) | **CERTIFICATE OF COUNSEL** | Local Rule 3117<br>riverside.courts.ca.gov |