# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA ANN BENDER, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; BEST BUY CO. INC.; BEST BUY MURIETTA STORE 115; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 5:25-cv-01571-SPG-BFM<br><br>**ORDER GRANTING MOTION TO REMAND [ECF NO. 13]** |

Before the Court is the Motion to Remand (ECF No. 13 ("Motion" or "Mot.")) filed by Plaintiff Felicia Ann Bender ("Plaintiff"). The Court has read and considered the matters raised with respect to the Motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I.　BACKGROUND

The following facts are taken from the Complaint. (ECF No. 1-1 ("Compl.")). On or about December 13, Plaintiff suffered serious injuries due to an exploding crock-pot designed and developed by Defendant Sunbeam Products, Inc. ("Defendant Sunbeam")

and sold by Defendants Best Buy Co., Inc. ("Defendant Best Buy") and Best Buy Murrieta (Store 115) ("Defendant Store 115"). (*Id.* ¶¶ 1–6). According to Plaintiff, the lid for the crock-pot was defectively designed and could not be secured properly, resulting in a buildup of internal pressure that could ultimately explode. (*Id.* ¶¶ 15–17). Plaintiff asserts that she bought one such defective crock-pot, which exploded onto her body when she used it, causing severe burns and damage to property. (*Id.* ¶¶ 2, 16, 17, 20).

On May 9, 2025, Plaintiff filed this lawsuit in Riverside County Superior Court alleging the six following claims against all Defendants: (1) negligence (*id.* ¶¶ 21–28); (2) gross negligence (*id.* ¶¶ 29–37); (3) products liability (*id.* ¶¶ 38–55); (4) breach of implied warranty of merchantability (*id.* ¶¶ 56–62); (5) breach of implied warranty of fitness (*id.* ¶¶ 63–67); and (6) strict liability (*id.* ¶¶ 68–71). On May 9, 2025, Plaintiff filed a Doe Amendment naming Defendant Newell Brands, Inc. ("Defendant Newell," collectively with Defendants Sunbeam, Best Buy, and Store 115, "Defendants") as a defendant in the case. (*Id.* at 2–3). Plaintiff served the Complaint on Defendant Sunbeam on May 23, 2025 (ECF No. 19 ("Opp.") at 2), on Defendant Best Buy on May 27, 2025 (ECF No. 13-1 ("Decl. Bakh.") ¶¶ 7, 8), on Defendant Store 115 on May 28, 2025, (Decl. Bakh. ¶¶ 9–10), and on Defendant Newell on June 16, 2025. (Compl. at 2).

On June 20, 2025, Defendants Sunbeam and Newell removed the action to this Court, asserting diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446. (ECF No. 1 ("Notice of Removal") at 5). Thereafter, on July 17, 2025, Plaintiff filed the instant Motion to remand the action to state court. (Mot.). On July 28, 2025, Defendant Best Buy filed a Consent to Joinder in Removal of Civil Action. (ECF No. 18 ("Best Buy Consent to Joinder"). Defendants Sunbeam and Newell filed the Opposition on August 6, 2025. (Opp.). Plaintiff filed the Reply on August 13, 2025. (ECF No. 20 ("Reply")).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant

may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a). An individual is a citizen of the state where he is domiciled, meaning the state where the person resides in his "permanent home" with the intent to remain or the place to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Diversity of citizenship exists among the parties when no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citations omitted)).

To remove an action to federal court, a defendant must file the notice of removal within thirty days after service of summons. 28 U.S.C. § 1446(b)(1). The "thirty-day period for [removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court." *Id.* § 1446(d).

A plaintiff may then challenge removal of an action for lack of subject matter jurisdiction or for procedural deficiencies in the removal process. *Id.* § 1447(c); *see Canty v. Providence Health Sys. – S. California*, No. 20-cv-03347-JAK-JPR, 2020 WL 5701761, at *2 (C.D. Cal. Sept. 23, 2020). "The removal statute is strictly construed against removal

jurisdiction." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Courts resolve any doubt about the right of removal in favor of remand. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

## III.   DISCUSSION

Plaintiff moves to remand this action to state court, arguing that (1) the Court does not have diversity jurisdiction; and (2) Defendants Sunbeam and Newell's Notice of Removal was procedurally improper. (Mot. at 12, 13).

### A.   Diversity Jurisdiction

Plaintiff argues that the Court lacks subject matter jurisdiction because the citizenship of Defendant Store 115, located in Marietta, California, is unclear. *See* (Mot. at 12–13). Defendants Sunbeam and Newell do not present evidence on the citizenship of Defendant Store 115, but instead assert that the parties stipulated to dismiss Defendant Store 115 in Riverside Superior Court or, in the alternative, that Defendant Store 115 was fraudulently joined. *See* (Opp. at 4); (ECF No. 19-1 ("Coriaty Decl.") ¶ 12). Because Defendants Sunbeam and Newell have not provided evidence documenting this stipulation, and because Plaintiff maintains that Defendant Store 115 is a party to the case, *see* (Reply at 4), the Court turns to the fraudulent joinder argument.

"Fraudulently joined defendants do not defeat diversity jurisdiction." *Courtney v. USI Ins. Servs., LLC*, No. 21-cv-01522-CJC-KES, 2021 WL 5356635, at *2 (C.D. Cal. Nov. 16, 2021) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). A defendant is fraudulently joined when a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). This is a "high" standard. "[I]f there is even a possibility that a state court would find that the complaint states a cause of

action against any of the resident defendants, the federal court must find that joinder was proper and remand to the state court." *Id.* at 1044. This standard is akin to the "wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction," and the defendant invoking diversity jurisdiction has the burden to establish by "clear and convincing evidence" that there is "no colorable claim" against the defendant claimed to be fraudulently joined. *Grancare*, 889 F.3d at 549–50; *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). For example, the Ninth Circuit has upheld rulings of fraudulent joinder in instances where a defendant shows that a plaintiff is barred by the statute of limitations from bringing claims against that defendant, *Ritchey*, 139 F.3d at 1320, or when a plaintiff's claims are predicated on a contract to which a defendant is not a party, *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). "[A]ll disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of remand to state court." *Courtney*, 2021 WL 5356636, at *2 (quoting *Hunter*, 582 F.3d at 1042).

The Court finds that Defendants Sunbeam and Newell have not met their "heavy burden" to show that Defendant Store 115 was fraudulently joined. In the Notice of Removal, Defendants Sunbeam and Newell assert that "there is no possibility that Plaintiff can prove a cause of action against [Defendant Store 115]" because Defendant Store 115 is "a franchise wholly owned and operated by [Defendant Best Buy]." (Notice of Removal at 2–3). According to Defendants Sunbeam and Newell, Defendant Store 115 is "not its own distinct legal entity, and therefore does not have the capacity to be a party to this action." (*Id.*). Yet the basis for this assertion is unclear—Defendants Sunbeam and Newell do not provide evidence of Defendant Best Buy's franchisee structure, nor has Defendant Best Buy participated in the briefing of this Motion to assert that Defendant Store 115 is not its own distinct legal entity. *E.g. Amado v. Home Depot U.S.A., Inc.*, No. 1:24-cv-606-JLT-HBK, 2025 WL 309632, at *6 (E.D. Cal. Jan. 27, 2025) (remanding a case for lack of diversity jurisdiction in part because a defendant was not fraudulently joined). And Defendant Best Buy had the opportunity to provide such evidence: Defendant Best Buy

1 filed both a Notice of Interested Parties and a Consent to Joinder in Removal of Civil
2 Action on July 28, 2025, before Defendants Sunbeam and Newell filed the Opposition on
3 August 6, 2025. *See* (Opp.); (ECF No. 17); (Best Buy Consent to Joinder).

4       Moreover, Plaintiff has alleged a factual basis for the claims against Defendant Store
5 115 as the retailer of the crock-pot under California law. *See* (Compl. ¶¶ 56–67 (alleging
6 claims under Cal. Civ. Code §§ 1791, 1792, 1795)). Specifically, Cal. Civ. Code
7 § 1792.2(a) provides that "[e]very sale of consumer goods that are sold at retail in this state
8 by a retailer or distributor . . . shall be accompanied by such retailer's or distributor's
9 implied warranty that the goods are fit for that purpose." Based on Plaintiff's allegation
10 that Defendant Store 115 sold the crock-pot at issue here, Plaintiff has asserted a "colorable
11 claim" against Defendant Store 115. (Compl. ¶ 6); *see Grancare*, 889 F.3d at 549.

12       Based on the absence of evidence regarding Defendant Store 115's citizenship or
13 legal status, Defendants have not shown that there is "no colorable claim" against
14 Defendant Store 115 to make its joinder fraudulent. *See Grancare*, 889 F.3d at 549.
15 Defendants Sunbeam and Newell consequently have not established complete diversity of
16 citizenship to invoke this Court subject matter jurisdiction. *Dynegy, Inc.*, 375 F.3d at 838.

17     **B.**    **Sufficiency of Removal Procedures**

18       Assuming for the sake of argument that Defendant Store 115 is not a distinct entity
19 from Defendant Best Buy, the Court finds that the removal was procedurally defective, and
20 thus remand is still proper.

21       Plaintiff argues that removal was procedurally defective for two reasons. First,
22 Defendants Sunbeam and Newell did not timely obtain consent for remand from
23 Defendants Best Buy or Store 115 under 28 U.S.C. § 1446, as Defendants Best Buy and
24 Store 115 did not consent to removal within 30 days of being served on May 27, 2025, and
25 May 28, respectively. (Mot. at 13–14); (Reply at 4). Second, Plaintiff asserts that
26 Defendants Sunbeam and Newell failed to promptly serve the notice of removal upon all
27 properly served Defendants under Fed. R. Civ. P. 5(b)(1), and that a late-served notice does
28 not cure the defect. (Mot. at 8–12); (Reply at 4).

1    "[A] defendant must file their notice of removal within 30 days of being served with the complaint," and all defendants who have been properly served and joined must consent to the removal of the action. *Mcavoy v. Lowe's Home Centers LLC*, No. 2:22-cv-02417-SVW-RAO, 2022 WL 2072672, *1 (C.D. Cal. June 9, 2022); *see Pearson v. Sprouts Farmers Mkt., LLC*, No. 2:22-cv-09048-JAK-E, 2023 WL 8188481, at *4 (C.D. Cal. Sept. 29, 2023). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute, on other grounds, as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

The parties dispute whether Defendants Sunbeam and Newell properly explained Defendants Best Buy and Store 115's absence in the notice for removal. Defendant Sunbeam and Newell, for their part, submit that (1) Defendant Store 115 was "improperly and fraudulently joined in the action," as it is a "franchise wholly owned and operated by [Defendant Best Buy]" and "not its own distinct legal entity . . . to be a party to this action" (Notice of Removal ¶ 3); and (2) despite reasonable diligence, they could not ascertain whether Defendant Best Buy was properly served at the time removal was filed. (*Id.* ¶ 9); (Opp. at 5–6). Examples of Defendants Sunbeam and Newell's diligence include a review of the Riverside Superior Court electronic docket prior to filing the Notice of Removal, (Opp. at 5–6), and communications with counsel who previously represented Defendant Best Buy in a separate action, but had no knowledge of this instant action (Notice of Removal ¶ 9). As the Court addressed the fraudulent joinder issue as to Defendant Store 115 above, the Court turns to the arguments surrounding Defendants Sunbeam and Newell's diligence.

Courts in this district are split regarding the diligence required by a removing defendant to determine whether co-defendants have been served at the time of filing the notice of removal. *See Lewis v. HSBC Bank USA, N.A.*, No. 17-cv-00234-DKW-KSC, 2017 WL 3671279, at *3–*4 (D. Haw. Aug. 25, 2017), *report and recommendation*

*adopted*, No. 17-cv-00234-DKW-KSC, 2017 WL 4019416 (D. Haw. Sept. 12, 2017) (collecting cases). While some courts allow a removing defendant to rely on the state court docket for filed proofs of service, *e.g. Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1089 (E.D. Cal. 2007), others find that "simply checking if a proof of service has been filed with the court is insufficient," *Orozco v. EquiFirst Corp.*, No. 08-cv-8064-PA-CW, 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008). Under nearly identical circumstances to this instant action, the Court in *Lewis* found that the defendants' limited review of a state court docket and communications with a co-defendant's counsel on a separate matter to determine if that co-defendant was properly served did not amount to reasonable diligence sufficient to explain the absence of that co-defendant in the notice of removal. 2017 WL 3671279, at *5. The Court reasoned that the defendants needed to make more than two inquiries in the span of two weeks to be "reasonably diligent in ascertaining whether [a co-defendant] was served prior to [] removal." *Id.* at *6.

Like the defendants in *Lewis*, the Court finds Defendants Sunbeam and Newell's efforts to determine whether Defendant Best Buy had been served in the state court action were not reasonably diligent. Plaintiff has submitted evidence that Defendants Best Buy and Store 115 were properly served on May 27, 2025 and May 28, 2025, respectively. (Decl. Bakh. ¶¶ 7–10, Ex. 3, Ex. 4). However, Defendants Sunbeam and Newell assert that, "as of June 18, 2025, Riverside Superior Court's electronic docket did not yet have available the proofs of service filed there by Plaintiff, including the proof of service on Best Buy." (Opp. at 5). Taking Defendants Sunbeam and Newell's assertion as true, Defendants have not shown that absence of a proof of service for Defendant Best Buy on the electronic docket "relieves [Defendants] of their obligation to obtain [Defendant Best Buy's consent in the removal," particularly when Defendant Best Buy filed a Demurrer in the state court action, on June 18, 2025, two days before the filing of the Notice of Removal. (Decl. Bakh. Ex. 13); *Lewis*, 2017 WL 3671279, at *5.

Defendants Sunbeam and Newell counter that any procedural defect in the removal proceedings was cured with Defendant Best Buy filed its joinder to the removal on July

28, 2025. (Opp. at 6–7); *see* (Best Buy Consent to Joinder). Citing to *Destfino v. Reiswig*, where the Ninth Circuit permitted removing defendants to cure an untimely consent to removal, Defendants Sunbeam and Newell argue that so too here, "failure to consent to removal can be cured prior to entry of judgment." (Opp. at 6–7) (citing 630 F.3d 952, 957 (9th Cir. 2011)).

The Court disagrees that *Destfino* is an apt comparison to the instant motion. Unlike Defendant Best Buy, who was properly served on May 27, 2025, but did not join or consent to the removal notice within the 30-day period set forth under 28 U.S.C. § 1446, the non-joining defendants in *Destfino* were not properly served. *Destfino*, 630 F.3d at 957. In addition, the plaintiff in *Destfino* challenged the procedural defect on appeal, after the district court entered final judgment. *Id.* at 955. To reverse judgment and remand the case to state court "would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice." *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), *as amended* (July 28, 1998) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77 (1996)). Whereas here, when the "case is in its earliest stages at the trial level and remand will have a limited impact on the case, if at all," the Court should strictly enforce the procedural requirements associated with removal. *Sotelo v. Browning-Ferris Indus. of California, Inc.*, No. 2:20-cv-06927-SB-PVC, 2020 WL 7042816, *3–*4 (C.D. Cal. Nov. 30, 2020) (analyzing *Destfino* and finding that an untimely consent to join removal did not cure the procedural defect); *see also Gaus*, 980 F.2d at 567 (Courts "strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citations omitted). The Court declines to find that Defendant Best Buy's untimely consent to joinder, filed nearly a month after Defendants Sunbeam and Newell's Notice of Removal and two months after service of the complaint, cures the procedural defect. *See Gurrola v. Howard*, No. 2:22-CV-01825-SB-JEM, 2022 WL 1617991, at *1 (C.D. Cal. May 21, 2022) ("The 30-day time limit [under 28 U.S.C. § 1441(a)] is mandatory and a failure to comply with this requirement renders the removal procedurally

defective."); *see also A. N. v. Target Corp.*, No. 20-cv-11380-PAR-AO, 2021 WL 53169, at *2 (C.D. Cal. Jan. 5, 2021) ("Requiring a later-served defendant to obtain consent within 30 days is not an unfair burden" when invoking federal jurisdiction).

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion.

**IT IS SO ORDERED.**

DATED: September 4, 2025

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE